CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

APR 19 2006

JOHN F. CORCORAN, CLERK
BY:
         DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| DERRICK ALLEN MARTIN,<br>    Plaintiff, | Civil Action No. 7:06CV00217 |
| v. | **MEMORANDUM OPINION** |
| JOHN HIGGINS,<br>    Defendant. | By Hon. Glen E. Conrad<br>United States District Judge |

The plaintiff, Derrick Allen Martin, a Virginia inmate proceeding pro se, filed this civil rights action under 42 U.S.C. § 1983 against the superintendent of the Rockbridge Regional Jail, John Higgins. Having reviewed the complaint, the court concludes that the plaintiff has failed to state a claim upon which relief may be granted. Therefore, the court will dismiss the complaint pursuant to 28 U.S.C. § 1915A(b)(1).[1]

## Background

The plaintiff is presently incarcerated at Powhatan Correctional Center. He was previously incarcerated at the Rockbridge Regional Jail. The plaintiff alleges that while he was incarcerated at the jail, he received a cut on his leg. The cut apparently became infected. The plaintiff alleges that he was examined by a physician, who incorrectly diagnosed the plaintiff with ringworm. The physician prescribed a medication for ringworm and gave the plaintiff a topical ointment. The plaintiff alleges that he asked the physician to refer him to a dermatologist or to obtain medical testing. However, the physician determined that the prescribed medications could effectively treat the plaintiff's problem. The plaintiff alleges that the infection "settled in [his] leg" as a result of the physician's "medical negligence."

---

[1] This statute provides that the court shall dismiss a complaint as soon as practicable if the court determines that it is frivolous, malicious, or fails state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b)(1).

## Discussion

In order to establish a constitutional violation regarding medical treatment, an inmate must show that jail officials to whose care he was committed exhibited "deliberate indifference" to his "serious medical needs." Estelle v. Gamble, 429 U.S. 97, 104 (1976). Inadvertent failure to provide treatment, negligent diagnosis, and medical malpractice do not present constitutional deprivations. Id. at 105-06. Moreover, a medical treatment claim cannot be brought against a supervisory official absent allegations that the official was personally connected with the denial of medical treatment. Vinnedge v. Gibbs, 550 F.2d 926, 928 (4th Cir. 1977). Specifically, supervisory liability under § 1983 requires a showing that the supervisory official failed to properly provide the inmate with necessary medical care, deliberately interfered with the prison physician's performance, or tacitly authorized or was indifferent to a prison physician's constitutional violations. Miltier v. Beorn, 896 F.2d 848, 851-852 (4th Cir. 1990).

Applying these principles, the court concludes that the plaintiff's allegations fail to state a claim upon which relief may be granted. The plaintiff does not allege that Superintendent Higgins ignored his medical problem, deliberately interfered with his medical care, or tacitly authorized subordinate health care providers to provide grossly incompetent medical treatment. Instead, the plaintiff alleges that the jail's physician negligently diagnosed him with ringworm. Even assuming that the physician acted negligently in diagnosing or treating the plaintiff's infected cut, neither negligence nor malpractice is actionable under § 1983. To the extent that the plaintiff's complaint could be construed to allege a state tort action, the court notes that there is no independent basis for the exercise of this court's jurisdiction.

2

## Conclusion

For the reasons stated, the court concludes that the plaintiff's complaint must be dismissed for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915A(b)(1).[2] The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to the plaintiff and counsel of record for the defendant, if known.

ENTER: This 19th day of April, 2006.

_____
United States District Judge

---

[2]Having reached this conclusion, the plaintiff's motion to proceed in forma pauperis will be dismissed as moot.

3